Sisil Prasad **WIJESIRIWARDENA**, Sriyanthie Wijesiriwardena, Nadishani Wijesiriwardena, Russell Wijesiriwardena, Petitioners,

v.

Alberto R. **GONZALES**,[1] Attorney General of the United States, William Cleary, Field Office Director Deportation and Removal, Buffalo District, Immigration and Customs Enforcement, United States Department of Homeland Security, Respondents.

No. 05–2906–ag.

United States Court of Appeals, Second Circuit.

Aug. 1, 2006.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Terrance P. Flynn, United States Attorney for the Western District of New York, Christopher V. Taffe, Assistant United States Attorney, Rochester, NY, for Respondent.

Present DENNIS JACOBS, ROBERT D. SACK and B.D. PARKER, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

## SUMMARY ORDER

Sisil Prasad Wijesiriwardena, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Philip Montante's decision denying his applications for asylum, withholding of removal, and CAT relief. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. See Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 n. 7 (2d Cir.2004).

Assuming that we have jurisdiction to review the denial of relief here, see, e.g., Ivanishvili v. U.S. Dep't of Justice, 433 F.3d 332, 338 n. 2 (2d Cir.2006), the IJ's determination is upheld because the adverse credibility finding is supported by substantial evidence. The IJ was reasonable in finding that Wijesiriwardena's substantial delays in seeking asylum, and in coming forward with some of the most striking allegations in his claim until the day of his hearing, seriously undermined both his credibility and the strength of his subjective fear. Wijesiriwardena traveled to Kuwait in 1991, shortly after he allegedly experienced severe beatings and sexual assault in prison, and remained there for eight years, working for a U.S. army-affili-ated company. Although we reject the IJ's finding that he was firmly resettled in Kuwait, because the IJ did not conduct an adequate inquiry into the totality of the circumstances of his stay there, see Sall v. Gonzales, 437 F.3d 229, 235 (2d Cir.2006), we find that the IJ was reasonable in emphasizing Wijesiriwardena's failure to seek any kind of protection from either the Kuwaiti or U.S. government at the time. See Cao He Lin v. U.S. Dept. of Justice, 428 F.3d 391, 401 (2d Cir.2005).

Wijersiriwardena claimed that the army continued to pursue him upon his return to Sri Lanka in 1999, and that he was fleeing for his life when he first arrived in the United States in November 2000. However, he did not make this claim to the immigration officers at the airport in New York, but instead proceeded to Canada and filed for asylum there. He did not file for asylum in the United States until after Canada had denied his claim and returned him across the border. Even after consulting with both a lawyer and a mental health counselor in the United States, however, he failed to include several serious allegations in his application, including that: the army beat him severely when he declined to kill a Tamil prisoner with an axe, an army officer made a sexual advance on him, the army sent his parents a casket full of body parts, and his daughter developed epilepsy as a result of a threatening visit from the army. Wijesiriwardena also failed to provide corroboration of any of these allegations, each of which went to the heart of his claim of physical and psychological abuse from the Sri Lankan army. See, e.g., Xu Duan Dong v. Ashcroft, 406 F.3d 110, 111–12 (2d Cir. 2005); Zhou Yun Zhang, 386 F.3d at 78. Wijesiriwardena had numerous opportunities to seek protection, and was on notice that he needed to be thorough in presenting his case after Canada denied his claim for insufficient evidence; therefore, the IJ reasonably rejected his various explana-

tions for the omissions as inadequate. A reasonable adjudicator would not be "compelled to conclude to the contrary." 8 U.S.C. § 1252(a)(4)(B). Moreover, because he did not allege an independent factual basis for either withholding of removal or CAT relief, the adverse credibility finding is also fatal to those claims. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).